IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CLARENCE JOHNSON,

                Plaintiff,                OPINION AND ORDER

    v.
                                               24-cv-345-wmc

LVNV FUNDING, LLC,

                Defendant.

---

Plaintiff Clarence Johnson, who is representing himself, brought this action in Wisconsin state court claiming defamation, negligent enablement of identity fraud, and violation of the Fair Credit Reporting Act ("FCRA") against defendant LVNV Funding, LLC ("LVNV"). Defendant LVNV then removed this action to federal court. (Dkt. #1.)[1] Johnson contends LVNV failed to notify credit reporting agencies timely that his debt was disputed, harming his reputation and creditworthiness. LVNV has moved for summary judgment on all of Johnson's claims. For the reasons explained below, the court grants defendant's motion for summary judgment.

---

[1] Federal question jurisdiction is proper in this court under 28 U.S.C § 1331, as plaintiff has alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq, which allows for private rights of action in certain circumstances. As to standing, plaintiff has introduced evidence indicating that, during the time he disputed his debt and his dispute remained unreported, his credit score was negatively impacted, a reputational injury that may have been caused by defendant's actions. *See Ewing v. MED-1 Solutions, LLC*, 24 F.4th 1146 (2022) ("being portrayed as a deadbeat who does not pay [their] debts has real-world consequences.").

UNDISPUTED FACTS[2]

Johnson resides in Madison, Wisconsin. LVNV is a debt collection agency in the business of collecting debts, located in Greenville, South Carolina. In October 2021, Johnson obtained a credit card issued by Credit One Bank, N.A. On March 16, 2023, Capital One assigned Johnson's then outstanding $556.32 balance on his credit card to LVNV. After the debt was assigned, Johnson made two payments, one in March and another in September of 2023, reducing his balance to $400. He has made no further payments.

Resurgent Capital Services, L.P. ("Resurgent"), a nonparty, is the master servicer for all debt accounts owned by LVNV and has been reporting to the three major credit reporting agencies on Johnson's debt to LVNV since May 2023. As of March 2024, Resurgent reported to the agencies that Johnson's outstanding debt remained $400 and his account was in collections.

On March 26, 2024, Johnson wrote to LVNV disputing this debt. LVNV received Johnson's dispute letter on April 2, 2024, and Resurgent received it on April 9, 2024. On May 7, 2024, Resurgent first reported Johnson's debt as disputed. Credit reports submitted by Johnson appear to show that his credit score was negatively impacted between April 11, 2024, and May 6, 2024.

---

[2] The following facts are drawn from defendant's unopposed statement of material facts and defendant's response to plaintiff's statement of material facts, and are material and undisputed.

OPINION

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986. "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute of "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* In deciding a motion for summary judgment, the court will view the facts in the light most favorable to the non-moving parties. *Crull v. Sunderman*, 384 F.3d 453, 460 (7th Cir. 2004). Finally, as the Seventh Circuit has explained, summary judgment is the "put up or shut up" moment in a lawsuit. *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2003). "Once a party has made a properly-supported motion for summary judgment, the opposing party may not simply rest upon the pleadings but must instead submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial.'" *Harney v. Speedway SuperAmerica, LLC*, 526 F.3d 1099, 1104 (7th Cir. 2008) (citing Fed. R. Civ. P. 56(e)).

Here, plaintiff has not responded to any arguments raised by defendant regarding his federal claim under the FCRA or his state law defamation and fraud claims. Thus, those claims are waived. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461 (7th Cir. 2010) ("[f]ailure to respond to an argument—as [plaintiff has] done here—results in waiver"). Accordingly, defendant is entitled to summary judgment on those claims.

Second, and for the first time in this action, plaintiff raises arguments supporting a

3

Federal Debt Collection Practices Act ("FDCPA") claim.  Without fair notice in the complaint, arguments raised for the first time in response to a motion for summary judgment are also waived.  *Anderson v. Donahoe*, 699 F.3d 989 (7th Cir. 2012) (collecting cases).  Here, plaintiff's complaint states that he is seeking damages for "1.) Defamation 2.) Negligent Enablement of Identify Fraud 3.) Violation of the Fair Credit Reporting Act," but makes *no* reference to the FDCPA.  Thus, plaintiff failed to provide fair notice of plaintiff's FDCPA claim against defendant.

Even if plaintiff's complaint did provide sufficient notice, however, his claims would still fail.  Under 15 U.S.C. § 1692e(8), a debt collector may not "[c]ommunicat[e] or threaten[] to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."  Under this section "if a debt collector *elects* to communicate credit information about a consumer, it must not omit a piece of information that is always material, namely, that the consumer has disputed a particular debt."  *Wilhelm v. Credico, Inc.*, 519 F.3d 416, 418 (8th Cir. 2008) (emphasis in original).  However, plaintiff has presented no evidence that defendant communicated any false credit information to any person.

First, defendant asserts that it did not report plaintiff's debt to the CRAs.  Rather, Resurgent, who is *not* a defendant in this case, reported plaintiff's debt to the CRAs, and Resurgent timely reported plaintiff's debt as disputed in the next reporting cycle after it received notice. Additionally, defendant correctly represented to Resurgent that plaintiff's debt was disputed.  Because plaintiff has failed to produce evidence that defendant provided false reports to any person after it knew or should have known plaintiff's debt

4

was disputed, plaintiff cannot show that his rights under the FDCPA were violated, even if that claim were not waived. Accordingly, defendant is entitled to summary judgment.

ORDER

IT IS ORDERED that:

1) Defendant's motion for summary judgment (dkt. #6) is GRANTED.

2) The Clerk of Court is directed to enter judgment consistent with this opinion and close the case.

Entered this 7th day of August, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge